**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VICTOR ARIZA,

        Plaintiff,

v.                                              Case No:   6:23-cv-1712-CEM-LHP

APHONICS, LLC,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 13)**
>
> **FILED:** November 13, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff seeks a Clerk's default against Defendant Aphonics, LLC.  Doc. No. 13.  Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." Before a Clerk's default can be entered against a defendant, however, the Court must determine that the defendant was properly served. *See, e.g., United States v. Donald*, Case No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

Upon review, Plaintiff's motion fails to substantiate service of process was effectuated in accordance with Federal Rule of Civil Procedure 4. Plaintiff states services was made on "Michael Bright, an employee of Registered Agent due to the failure of Registered Agent not being available," and cites Fla. Stat. § 48.091(4) as support for his claim that this service is proper. Doc. No. 13, at 1. Section 48.091(4) states "[a] person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent. A person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person." Fla. Stat. § 48.091(4).

Plaintiff's return of service lists a "D'angelo E. Muff" as the registered agent who Plaintiff's process server first attempted to serve. Doc. No. 12. However, according to the records of the Florida Department of State,[1] Alain Ohayon is the

---

[1] Records maintained by the Florida Department of State, Division of Corporations,

registered agent for Aphonics, LLC, not D'angelo E. Muff. Plaintiff's return of service and motion therefore do not establish Plaintiff's process server first attempted to serve Defendant's registered agent before serving an employee of the registered agent, nor do they establish that service was actually made on an employee of the registered agent as required by Section 48.091(4).[2]

Accordingly, Plaintiff's Motion for Clerk's Entry of Default (Doc. No. 13) is **DENIED without prejudice**. A renewed motion, which shall be filed on or before November 29, 2023, must establish, with citation to relevant legal authority, that service on Defendant was proper.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

are available at http://search.sunbiz.org/Inquiry/CorporationSearch/ByName/. The records for Aphonics, LLC are accessible by entering "Aphonics, LLC" into the "Entity Name" field.

[2] The Court here notes Defendant appears to have amended its articles of organization to change its registered agent from D'Angelo E. Muff to Alain Ohayon on August 25, 2023. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ByName/. Record "09/08/2023 – LC Amendment" for Aphonics, LLC is accessible by entering "Aphonics, LLC" into the "Entity Name" field, then clicking the "View image in PDF Format" button.

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties