**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VICTOR ARIZA,

        Plaintiff,

v.                                                         Case No:   6:23-cv-1712-CEM-LHP

APHONICS, LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 16)**
>
> **FILED:** November 29, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff originally moved for Clerk's default against Defendant Aphonics, LLC on November 13, 2023.  Doc. No. 13.  In that motion, Plaintiff stated service was made on September 26, 2023 on "Michael Bright, an employee of Registered Agent due to the failure of Registered Agent not being available," and cited Fla.

Stat. § 48.091(4) as support for his claim that this service is proper. *Id.*, at 1. Section 48.091(4) states "[a] person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent. A person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person." Fla. Stat. § 48.091(4).

The Court denied without prejudice Plaintiff's motion for Clerk's default because Plaintiff's return of service listed a "D'angelo E. Muff" as the registered agent who Plaintiff's process server first attempted to serve, despite the fact that the records of the Florida Department of State indicate "Alain Ohayon" is the registered agent for Aphonics, LLC. Doc. Nos. 12, 13. The Court denied Plaintiff's motion with leave to file a renewed motion establishing with citation to relevant legal authority that service on Defendant was proper. Doc. No. 13.

Plaintiff has since filed an amended return of service stating that the service of process conducted on September 26, 2023 was actually conducted on Alain Ohayon, not D'angelo E. Muff. Doc. No. 15. Plaintiff thereafter filed a renewed motion for entry of Clerk's default, stating Plaintiff's original return of service merely "incorrectly identified Defendant's registered agent" as D'angelo E. Muff, not Alain Ohayon. Doc. No. 16, at 2.

Taking Plaintiff's counsel's statement as true as an officer of the Court required to comply with Federal Rule of Civil Procedure 11, and upon review of the motion and the return of service (Doc. Nos. 15–16), the Court finds the motion well taken, and that Defendant has been properly served. *See generally United States v. Donald*, Case No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served). Accordingly, the motion (Doc. No. 16) is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter default against Defendant Aphonics, LLC.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties