**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VICTOR ARIZA,

    Plaintiff,

v.                                                    Case No:   6:23-cv-1712-CEM-LHP

APHONICS, LLC,

    Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT UPON DEFENDANT APHONICS, LLC (Doc. No. 22)
>
> **FILED:** January 2, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On September 6, 2023, Plaintiff, who at all times has been represented by counsel, filed a Complaint against Defendant alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181–12189 ("ADA").   Doc. No. 1. On September 28, 2023, Plaintiff filed a return of service, stating that Defendant was

served on September 26, 2023 by delivering a copy of the summons and complaint to "Michael Bright as an employee of the Registered Agent listed with the Florida Division of Corporations."  Doc. No. 12.  The return of service listed "D'Angelo E. Muff" as Defendant's registered agent.  *Id.*

Defendant did not timely answer or otherwise respond to the Complaint, and Plaintiff thereafter moved for Clerk's Default on November 13, 2023.  Doc. No. 13.  On November 15, 2023, the Court denied the motion without prejudice, noting that the Florida Department of State lists "Alain Ohayon" as Defendant's Registered Agent, and that Plaintiff has not established service — or attempted service — on Defendant's proper Registered Agent.  Doc. No. 14.  The Court afforded Plaintiff until November 29, 2023 to file a renewed motion for Clerk's Default that established service on Defendant was proper.  *Id.*

On November 17, 2023, Plaintiff filed an amended return of service, this time listing Defendant's Registered Agent as Alain Ohayon, but otherwise stating that service was effected by delivering a copy of the summons and complaint on September 26, 2023 to Michael Bright, who Plaintiff now asserted was an employee of Alain Ohayon.  Doc. No. 15.  On November 29, 2023, Plaintiff timely filed a renewed motion for Clerk's Default, which also stated that that service of process was proper via the delivery of the summons and complaint to Michael Bright, as employee of Alain Ohayon.  Doc. No. 16.  Based on the averments in the amended

return of service, and counsel's representations in the renewed motion, the Court thereafter granted Plaintiff's renewed motion and Clerk's Default was entered on December 6, 2023.   Doc. Nos. 17–18.

Now before the Court is the above-styled unopposed motion by Defendant to vacate the Clerk's Default.   Defendant contends that service was never made on its Registered Agent Alain Ohayon, and therefore the September 26, 2023 service was ineffective and good cause exists to vacate the default.   Doc. No. 22. According to Defendant, the confusion regarding service is attributable to the fact that around the time Plaintiff filed his Complaint, Defendant was in transition and was in the course of changing its Registered Agent to Alain Ohayon.   *Id.*, at 2–3.[1] Defendant further represents that it possesses meritorious defenses to Plaintiff's Complaint, its failure to respond to the Complaint was neither culpable nor willful, and Plaintiff will not be prejudiced by vacating the default.   *Id.*, at 4–9.   Defendant supports its motion with copies of records from the Florida Department of State establishing the change in Registered Agent, along with a Declaration of Alain Ohayon.   Doc. Nos. 22-1 through 22-4.   The motion is unopposed.   *Id.*, at 3, 9.

---

[1] The Court notes that the amended return of service is sworn and notarized, and that Plaintiff's counsel, as an officer of the Court, represented that Alain Ohayon had been served.   Doc. Nos. 15–16.   The Court will presume — in this one instance — that these averments and representations were made in error.   Counsel is strongly advised to ensure that all further filings made in this Court are factually and legally supported.

Upon consideration, and given the lack of opposition, the Court finds Defendant's motion (Doc. No. 22) well taken and that there is good cause to vacate the default.  *See* Fed. R. Civ. P. 55(c); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339, 1342 (11th Cir. 2014); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  Defendant's Unopposed Motion to Set Aside Clerk's Default Upon Defendant Aphonics, LLC (Doc. No. 22) is therefore **GRANTED**, and the Clerk of Court is **DIRECTED** to **VACATE** the Clerk's Default (Doc. No. 18).   As it appears that Defendant has now been properly served and is represented by counsel, Defendant shall answer or otherwise respond to the Complaint within **twenty-one (21)** days from the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2024.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties